Rockingham, }
Dec. 5, 1911. }

## WILCOMB, *Ex'r*, *v.* MOORE & *a.*

BILL IN EQUITY, for the construction of the will of Melvin B. Moore, which provides as follows: "I give and bequeath to my brother, Franklin Moore, one hundred and fifty ($150) dollars yearly his natural life, the same to be paid him by a trustee of my property. Said money shall be deposited in a savings bank and be paid to Frank Moore as herein ordered, the balance of said money to remain in bank until the year of our Lord, 1920. I give to the children of Frank Moore and Abbie Moore, being as follows: George Moore, Ethel M. Moore, and Lucy B. Moore, three hundred dollars each ($300), the remainder of my property to be equally divided among my nephews and nieces then living."

The estate consists of real and personal property of the value of about $4,600. Frank Moore is dead. The executor seeks advice as to whether he should pay the pecuniary legacies immediately or wait until 1920, and also whether the distribution of the remainder is postponed to that time. All the parties desiring the opinion of the supreme court upon these questions, they were transferred without a ruling from the April term,1911, of the superior court by *Pike*, J.

*G. K. & B. T. Bartlett* and *Herbert L. Grinnell, Jr.*, for the plaintiff.

*Thomas Leavitt*, for the children of Frank Moore.

PEASLEE, J. The question in this case relates solely to the time of distribution fixed by the testator. The legatees who are to receive $300 each, while conceding that the residue of the estate must be held until 1920, claim that their legacies are now due and payable. Whether they are now payable or not is merely a question of the intention of the testator. The will is expressed in a rather confused way, and the intent is not easily ascertained. Following the testator's mental process as nearly as one can, it appears that he first appoints a trustee for "my property." Manifestly, this is a trustee for the whole estate. He next directs that "said money" shall be deposited in a savings bank, be paid to the annuitant as directed, and the balance kept in bank until 1920.

"Said money," as here used, appears to mean "my property" just before referred to.  There is no other antecedent upon which it can depend.  The scheme, then, was to keep all the money in the bank until 1920, except the annuity.  No exception is made as to the legacies.  This view is strengthened by the fact that the legacies are given in the same clause with the residue.  There seems to be no gound for holding that the distribution period is not the same for all beneficiaries.  They cannot have the money until 1920, because the testator directed his trustee to keep it in bank until that time.  And the provision that distribution of the residue shall be made to nephews and nieces "then living" strengthens this view.  Looking back through the will for the time here referred to, nothing is found but the year 1920.  This construction gives a rational meaning to all the language used by the testator and seems more likely than any other to be the one he intended.  The executor is advised that payment of the legacies and distribution of the remainder are postponed until 1920.

*Case discharged*

All concurred.